## SUPERIOR COURT

Aracoma Textile Com-
pany, Inc.
vs.                    } Eq. No. 6952.
William R. Roberts, et al

### RESCRIPT

November 12, 1924

HAHN, J. Heard on prayer for a preliminary injunction, said prayer being contained in paragraphs seventh to eleventh inclusive of the prayer for relief contained in the bill of complaint, the same being as follows:

"Seventh. That during the pendency of this bill, the respondent Aracoma Textile Company, Inc., and its agents may be enjoined and restrained from selling or offering for sale any of the goods described in this bill of complaint to any person other than the complainant.

"Eighth. That during the pendency of this bill the respondents and each of them and their agents may be enjoined and restrained from selling or offering for sale any of the goods described in this bill of complaint.

"Ninth. That during the pendency of this bill the respondents and each of them and their agents may be enjoined and restrained from selling or offering for sale any of the goods described in this bill of complaint as and for the complainant's goods.

"Tenth. That duing the pendency of this bill the respondents and each of them may be enjoined and restrained from printing, publishing or circulating any catalog, price list, advertisement, or printed matter in imitation of the complainant's advertisements, circulars, catalogs or price lists.

"Eleventh. That during the pendency of this bill the respondents and each of them may be enjoined and restrained from knowingly making to the customers of complainant and to the public generally, false statements derogatory of and detrimental to the complainant, which may tend to injure its business."

This is a bill in equity brought by Aracoma Textile Co., incorporated, a New York corporation (hereinafter called Aracoma Company of New York), against Aracoma Textile Company, Incorporated, a Rhode Island corporation, (hereinafter called Aracoma Company of Rhode Island), the Guyan Mills, Inc., a Rhode Island corporation, various individuals, co-partners doing business as Rousmaniere, Williams and Company of Boston and other cities, and A. L. Kindt of New York City.

The bill is based upon the violation of an alleged agreement entered into early in 1923 (probably the latter part of February), whereby complainant undertook to furnish raw materials to Aracoma Company of Rhode Island in a quantity sufficient to keep this respondent supplied with work up to the capacity of its looms for a period of five years from said date, the terms of said agreement being set out in the sixth paragraph of the bill of complaint, and it is alleged that all of the terms of this agreement were assented to by Aracoma Company of Rhode Island through William R. Roberts, its President.

The respondents William R. Roberts and Aracoma Company of Rhode Island, through its stockholders and officers, deny that any five year agreement—as set out in the bill of complaint—was ever made or authorized to be made by William R. Roberts, and have introduced much testimony in regard to this fact, which may be summarized as follows:

William R. Roberts denies having written the letter said to have been lost or abstracted from the files of Aracoma Company of New York, and set out in the last part of Paragraph 6th of the bill of complaint; denies that he had authority to write such letter and says that the agreement marked Complainant's Exhibit 1 A was exhibited to the stockholders of Aracoma Company of Rhode Island

and they refused to approve the same, so he sent it to Aracoma Company of New York with a letter, Complainant's Exhibit 1, which seems to confirm the fact that the stockholders did not approve of the contract. Said letter reads as follows:

"Aracoma Textile Company, Inc.,
Silk Manufacturers,
407-409 Mill Street,
Central Falls. R. I.
2-26-'23.

Dear W———(Walter S. Roberts)

What a pretty agréement. We will manufacture exclusively for you on this basis and in time I'll pick up the stock of the company and we can shoot it alone. As a matter of fact the agreement would be to your disadvantage later on. Use the name Aracoma and get it copyrighted.

"Dick" (William R. Roberts.")

The by-laws of the company by their terms do not give authority to the president to sign such a contract and in a later meeting matters of similar importance were put to a vote of directors before the corporation entered into the same.

Complaint through Walter S. Roberts claims receipt of a letter confirming the terms of the unsigned contract and signed Aracoma Company of Rhode Island by Wm. R. Roberts, president, and that Aracoma Company of New York and Aracoma Company of Rhode Island proceeded to carry out the terms of this agreement.

On examining the testimony of Walter S. Roberts it does not appear that he, on behalf of the Aracoma Company of New York, ever accepted the contract by acknowledging receipt of same and agreeing to live up to the terms of same, although Aracoma Company of New York carried on very full and complete correspondence and retained copies of all letters sent, as well as originals of all received, many of much less importance than the contract in question. In none of the correspondence between the parties was any five year

contract referred to, although in many instances it would undoubtedly have been referred to had it existed. Attention may be called to the following exhibits to this effect:

Complainant's Exhibit 21; Respondent's Exhibits A, B, G, J and O.

If the five year letter was written, it is doubtful if, under the circumstances, Water S. Roberts desired his company should be bound thereby.

The great weight of the evidence is against the contention of complainant that the five year agreement existed, therefore the relief prayed for in the seventh and eighth paragraphs of the prayer for temporary relief is denied.

The remaining paragraphs of the bill set out a case of unfair competition, imitation of catalogues, circularizing of customers, false statements, trading on credit of complainant, misleading literature, etc., all of the testimony of many witnesses and which allegations were supported by affidavits, and denied by the various respondents.

After thorough consideration of the evidence this Court is of the opinion that the same is not sustained by sufficient evidence to entitle complainant to the relief prayed for, the general trend of the evidence in this regard being to the effect that respondents were not desirous of being known to be connected with complainant's business.

Prayer for preliminary relief as set out in paragraphs ninth to eleventh inclusive in the bill of complaint is denied.

In the course of the hearing of the matters involved it appeared that respondent Kindt has solicited and received orders based upon the samples or color cards of complainant, using complainant's numbers to describe the materials and color desired and filling such orders with products of the Aracoma Company of Rhode Island.

While the soliciting of orders based upon complainant's samples and numbers might be considered under the allegations of the present bill if such solicitation was made for the purpose of misleading the customer and causing him to believe that he was dealing with complainant, it is quite clear that Kindt had no such purpose in mind but used the numbers and color card of complainant for the purpose of proceeding immediately to obtain orders for his then employer until such time as new color cards should be obtained. If such acts were a violation of complainant's rights, relief for same can not be had under the present bill.

Petition for preliminary injunction denied and dismissed and restraining order heretofore entered may be dissolved.

A decree may be entered in accordance herewith.

For complainant: Walling & Walling.

For respondents: Fitzgerald & Higgins, William H. Camfield, Walter V. Moriarty, Henshaw, Sweeney & Smith, John W. Baker.